IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DON PAUL JACKSON**                                                      **PETITIONER**
**#08025-035**
**V.**                                  **CIVIL ACTION NO. 3:16CV581 HTW-LRA**
**WARDEN UNKNOWN MOSLEY[1]**                                       **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Jackson filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Petitioner had been sentenced by the United States District Court for the Western District of Louisiana on September 28, 2010, to a 240-month term of imprisonment for distribution of cocaine base.

Petitioner was arrested on state charges by Louisiana State authorities and sentenced to a two-year term on May 14, 2009. While serving his state sentence, he was indicted in the Western District of Louisiana on the federal drug charge and temporarily transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*, on July 28, 2009. He was sentenced on September 28, 2010, to the 240-month term and a 10-year term of supervised release. The federal sentencing order did not indicate whether the federal sentence was to be served concurrently or consecutively

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Warden Mosley, then warden at FCC-Yazoo, as the Respondent. However, Warden Mosley is no longer the warden at this facility. The current warden should be substituted as the respondent in this case.

with the state sentence, but Petitioner was returned to state custody where he remained until his state sentence was completed on May 13, 2011.

On April 17, 2012, Petitioner's federal conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit.  However, on June 29, 2012, the United States Supreme Court vacated the judgment and remanded the case for reconsideration in accordance with *Dorsey v. United States*, 567 U.S. 260 (2012).  *See Jackson v. United States*, 567 U.S. 950 (2012); *United States v. Jackson*, 485 F. App'x 730 (5th Cir. 2012).  On July 30, 2013, the Western District of Louisiana reduced Petitioner's sentence to a 120-month term followed by eight-years of supervised release.  The court's amended sentencing order provided that Plaintiff receive credit for all time served in federal custody.  Notwithstanding, in the the instant petition, Jackson challenges the manner in which his federal sentence has been calculated and alleges that the Bureau of Prisons has failed to properly apply all available credit to his sentence.

The Court takes judicial notice of the Bureau of Prisons website,[2] which reflects that Petitioner was released on February 6, 2019.  Noting that he has not provided this Court with a current address, the undersigned recommends that Petitioner's § 2241 petition, which seeks an early release, be dismissed for lack of a case or controversy. *See, e.g.*, Fed. R. Evid. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources

---

2 *See* www.bop.gov/inmateloc/.  Although the BOP's website reflects that Petitioner's release date was February 6, 2019, the undersigned notes that Respondent calculated Petitioner's scheduled release date to be January 1, 2019.

whose accuracy cannot reasonably be questioned); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of recordkeeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10cv160 DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).

Under the *Spencer* case, a petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration or parole ─ some 'collateral consequence' of the conviction." 523 U.S. at 7. For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

3

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody.  Consequently, he has not demonstrated that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

Finally, because Petitioner has not submitted a current address to the Clerk since his release nor communicated with the Court since March 15, 2017, his petition is also subject to dismissal without prejudice for want of prosecution and failure to comply with the Local Rules.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)).  Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F.App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

In light of the mootness of Petitioner's claims, as well as his failure to maintain a current address with the clerk of the court, the undersigned recommends that his Petition be dismissed without prejudice.  Alternatively, if Petitioner files a timely objection to this

4

Report and Recommendation, providing a current address and showing why his claims are not moot, he should be allowed to proceed.³

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 30, 2019.

                                                        s/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE

---

³ The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences given that the Court is unable to notify him of such because he has failed to maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity should he file a timely objection to this report and recommendation.